UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                            Case No.: 8:17-cr-42-T-33CPT

WALTER HUGO RODRIGUEZ LOPEZ

_____/

**ORDER**

This cause is before the Court pursuant to Defendant Walter Hugo Rodriguez Lopez's pro se Motion for Compassionate Release and Immediate Voluntary Deportation (Doc. # 248), filed on September 3, 2020. The United States of America responded on September 10, 2020. (Doc. # 250). For the reasons that follow, the Motion is denied.

I. **Background**

On February 23, 2018, the Court sentenced Rodriguez Lopez to a term of imprisonment of 135 months for conspiracy to possess with the intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States. (Doc. ## 203, 204). Rodriguez Lopez is thirty-six years old and his projected release date is in August 2026. (Doc. # 250 at 2).

1

Rodriguez Lopez filed his first pro se construed motion for compassionate release (Doc. # 244) on July 10, 2020. On August 4, 2020, the Court denied that motion without prejudice to the extent it sought compassionate release because Rodriguez Lopez failed to allege, much less prove, that he had exhausted his administrative remedies. (Doc. # 247).

Now, in his renewed Motion, Rodriguez Lopez again seeks compassionate release under Section 3582(c)(1)(A)(i), as amended by the First Step Act, because of the COVID-19 pandemic, his obesity, and his desire to immediately return to his home country of Guatemala. (Doc. # 248). He argues that he has exhausted his administrative remedies because he requested compassionate release from the Warden of his facility on June 26, 2020, which the Warden never answered. (Id. at 9). He then "completed the BP-9 form and sen[t] it to the Regional Office" on August 12, 2020. The Motion is ripe for review.

II. **Discussion**

The United States argues that the Motion should be denied (1) for failure to exhaust administrative remedies and (2) on the merits. (Doc. # 250).

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). Rodriguez Lopez argues

2

that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the [BOP's] denial of compassionate release." United States v. Estrada Elias, No. CR 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019)(citation omitted). "However, it does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." Id.

Rodriguez Lopez alleges that he has exhausted his administrative remedies because "on June 26, 2020, [he] sought to resolve this request for early release by petitioning BOP through the Jesup Warden for an immediate release" but the "Warden never answered [his] petition."

3

(Doc. # 248 at 9). He has attached a copy of his June 26 request, (Id. at 14-15), and there is no response by the Warden in the record. According to the United States, however, the BOP's records suggest that the Warden first received a request for compassionate release on August 14, 2020. (Doc. # 250-1 at 6).

Nevertheless, on the basis of Rodriguez Lopez's June 26 request for compassionate release and his representation that he never received a response, the Court finds that Rodriguez Lopez has exhausted his administrative remedies. Still, the Court denies the Motion because Rodriguez Lopez's circumstances are not extraordinary and compelling.

The Sentencing Commission has set forth examples of qualifying "extraordinary and compelling reasons" for compassionate release, including but not limited to: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children. USSG § 1B1.13, comment. (n.1). Rodriguez Lopez bears the burden of establishing that compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2

(M.D. Fla. June 7, 2019)("Heromin bears the burden of establishing that compassionate release is warranted.").

Rodriguez Lopez has not alleged or shown how his medical condition — obesity — "substantially diminish[es] [his] ability . . . to provide self-care within the environment of a correctional facility." USSG § 1B1.13 comment. (n.1). Thus, this condition does not create an extraordinary and compelling reason for compassionate release. See Cannon v. United States, No. CR 11-048-CG-M, 2019 WL 5580233, at *3 (S.D. Ala. Oct. 29, 2019)("[D]espite the many medical afflictions Cannon identifies, he does not state, much less provide evidence, that his conditions/impairments prevent him from providing self-care within his correctional facility. Rather, the medical records provided by Cannon show that his many conditions are being controlled with medication and there is no mention that his conditions are escalating or preventing him from being from being able to provide self-care.").

Furthermore, the Court agrees with the Third Circuit that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its

5

extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). While Rodriguez Lopez's obesity may make him more vulnerable to COVID-19, the Court is not convinced that this increased vulnerability is an extraordinary and compelling circumstance. Thus, Rodriguez Lopez's Motion is denied.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Walter Hugo Rodriguez Lopez's pro se Motion for Compassionate Release and Immediate Voluntary Deportation (Doc. # 248) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 15th day of September, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE